United States District Court
Southern District of Texas
**ENTERED**
June 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. H-19-494-2 |
| DENNIS MATUTE- CARCAMO | § § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dennis Matute-Carcamo, a federal prisoner proceeding *pro se*, filed a motion to reduce his sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 220.) The motion is **DENIED** for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Defendant pleaded guilty to two counts of aiding and abetting interference with commerce by robbery and two counts of using and carrying a firearm during and in relation to a crime of violence. On August 16, 2022, the Court sentenced him to a 348-month (29-year) term of incarceration, followed by a three-year term of supervised release.[1] Defendant's direct appeal was dismissed as frivolous.

Defendant argues in the instant motion that he is entitled to a sentence reduction because his "young age," rehabilitation, changes in the law, and unusually long sentence constitute extraordinary and compelling reasons for relief. He asks that his 29-year sentence

---

[1] Defendant was sentenced by former district judge Gregg Costa.

be reduced to "19 years and a day," which he claims is the mandatory minimum sentence he would receive if sentenced today.

## II. ANALYSIS

A.  <u>Legal Standards</u>

The Court has the authority under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) to reduce a defendant's sentence of confinement if (i) extraordinary and compelling reasons warrant the reduction, (ii) such reduction fulfills the sentencing factors set forth in 18 U.S.C. § 3553(a), (iii) the reduction is consistent with the United States Sentencing Commission's applicable policy statements, and (iv) the defendant exhausted his claims through prison administrative remedies prior to filing his motion.

Under the amended provisions of United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b), district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) the defendant's advanced age; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence meeting certain requirements. *Id.* § 1B1.13(b)(1)–(6).

Even if a defendant shows extraordinary and compelling reasons for granting relief, other hurdles remain. For example, the court must find that "the defendant is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g).

U.S.S.G. § 1B1.13(a)(2). The court must further consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent applicable.

B. <u>Exhaustion</u>

As noted above, 18 U.S.C. § 3582(c)(1)(A)(i) requires a prisoner to exhaust his administrative remedies through the BOP prior to seeking relief through the courts. Defendant makes no mention of having exhausted his administrative remedies prior to filing the pending motion, and his motion is subject to dismissal as unexhausted. However, because defendant's motion lacks merit, it will be denied.

B. <u>§ 1B1.13(6) – "Unusually Long Sentence"</u>

Defendant claims he is entitled to a sentence reduction because his "unusually long sentence" constitutes an extraordinary and compelling reason for relief under U.S.S.G. § 1B1.13(6). Section 1B1.13(6) provides as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(6). Under this provision, defendant must establish that he has served at least ten years of an unusually long sentence and that a change in law has produced a "gross disparity" between the sentence being served and the sentence likely to be imposed as of the time he filed his motion.

3

Assuming, without finding, that defendant in this instance is serving an unusually long sentence, he fails to show that he has served at least ten years of his 2022 29-year term of imprisonment. Consequently, he is not entitled to relief under § 1B1.13(6).

C.     <u>§ 1B1.13(5) – "Other Reasons"</u>

Defendant also argues that "youth age," changes in the law, and rehabilitation, alone or in combination, constitute extraordinary and compelling reasons for a sentence reduction under § 1B1.13(b)(5). The "other reasons" category of § 1B1.13(b)(5) is a catchall that allows a prisoner to "present[ ] any other circumstance or combination of circumstances" "similar in gravity to" the four extraordinary and compelling reasons described in U.S.S.G. § 1B1.13(b)(1)–(4).[2]

*"Youth Age"*

Defendant states that he was 20 years of age at the time he committed his violent crimes. He further argues that because his biological father was not a part of his life growing up, he had no paternal guidance and his uncle influenced him to become a criminal. However, defendant offers only his own conclusory assertions that these factors rendered him incapable of exercising good judgment as to his criminal offenses.

Moreover, these factors of defendant's age and upbringing were addressed at his sentencing in 2022 and taken into consideration by the Court in crafting an appropriate sentence. As argued by defense counsel at sentencing,

---

[2] This provision specifically excludes paragraph (b)(6) regarding "unusually long sentences."

4

> [T]his young man began to become involved in criminal activity when he was a teenager. He was reared in the household of his uncle, [co-defendant] Jose Matute-Carcamo, because his mother did not want him.[3] So [the uncle] was the only father figure, if you want to call him that, that [defendant] ever knew. . . .
>
> &ast; &ast; &ast;
>
> Now, we are asking the Court for a downward departure because he was under the influence of his uncle. . . .

(Docket Entry No. 186, pp. 92–93.) The Court considered and weighed these factors along with defendant's criminal conduct:

> Let me say with all the discussion about these other crimes, which are obviously very serious crimes, I think lost in that is that the crimes he is convicted of, those four crimes are extremely serious. The December 11th, 2016, robbery began with a carjacking when [defendant] pointed a gun at someone's head, the victim. Then it led to the jewelry store robbery. The owner of the store was held at gunpoint. A security guard was handcuffed. Very serious, very violent, pointing guns at – so two people were held at gunpoint, the carjacking victim and the jewelry store owner, in the December 11th robbery; and that's the one involving Counts – well, those are Count 3.
>
> &ast; &ast; &ast;
>
> And then Counts 1 and 2, which is the January 10th, 2017, robbery of R&R Jewelry. [Defendant] held a gun to the head of a store employee. So his two gun crimes are brandishing, which really means just showing it; and in actuality he held people at gunpoint with a gun right up against their heads, terrifying conduct that will stay with them.
>
> So I understand the defense's points that the defendant's had a difficult family situation, *et cetera*; but there's a lot of people in those circumstances who don't resort to crime at all and if they do resort to crime, it's not holding people at gunpoint and that type of conduct.

---

[3]Defendant's motion contradicts counsel's argument. Defendant states in his motion that he was raised by his mother, held odd jobs as a child to help her, and fell into financial hardship. (Docket Entry No. 220, p. 9.)

5

*Id.*, pp. 94–95.

The Court also expressly took into consideration at sentencing evidence that during a home invasion, defendant had taken a kitchen potato grater, heated it up over a stove burner, and burned the female homeowner with it. The Court found defendant's actions to be "an incredibly sadistic act." *Id.*, pp. 97–98. The Court noted that defendant "is a young man. I hope [he] can be rehabilitated while he's in prison." *Id.*, p. 99.

Thus, the record shows that, in determining an appropriate sentence for defendant, the Court was aware of and took into consideration the factors urged here by defendant as grounds for a sentence reduction – his young age, lack of beneficial paternal guidance, and the detrimental influence of his uncle, co-defendant, Jose Matute-Carcamo. Defendant presents no new evidence supporting his claim for a sentence reduction predicated on his age or upbringing.

Having already weighed less than three years ago defendant's young age, lack of paternal guidance, and the negative influence of his uncle as factors in determining his sentence, the Court does not find that those factors constitute extraordinary and compelling reasons for a sentence reduction.

Defendant establishes no extraordinary and compelling reason for a sentence reduction under § 1B1.13(b)(5).

*"Change in the Law"*

Defendant next argues that changes in the law that occurred after August 16, 2022, constitute extraordinary and compelling reasons for a sentence reduction under § 1B1.13(b)(5), standing alone or in combination with other considerations.

The Court notes that, in 2024, the United States Sentencing Commission amended its Policy Statement on Age, § 5H1.1, to state that age can be relevant in determining whether a downward departure is warranted, particularly when the defendant was youthful at the time he committed the offense or prior offenses. This amendment – Amendment 829, the Youthful Offender Amendment – has not been given retroactive application and cannot be considered in the "extraordinary and compelling reason" calculus. As recently reaffirmed by the United States Court of Appeals for the Fifth Circuit, "A non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." *United States v. Austin*, 125 F.4th 688, 693, 2025 WL 78706, *3 (5th Cir. Jan. 13, 2025). Thus, defendant cannot look to Amendment 829 for purposes of U.S.S.G. § 1B1.13(5).

Defendant also directs the Court to language appearing in several pre- and post-sentencing district and circuit court decisions from other jurisdictions addressing "young age" or changes in the law in context of sentencing or sentence reductions. These decisions are not binding on this Court. *See, e.g., Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different

judicial district, the same judicial district, or even upon the same judge in a different case."). Even so, these and other decisions cited by defendant do not retroactively apply to him, are not uniform in judicial analysis or results, do not involve the same set of facts or evidence as in defendant's case, or have been superceded by even more recent changes in the law. A substantial number of the decisions involved defendants who received life sentences.[4] Neither the Supreme Court of the United States nor the Fifth Circuit Court of Appeals – courts whose decisions *are* binding on this Court – has determined that a prisoner's commission of a violent crime at 20 years of age constitutes an extraordinary and compelling reason for a sentence reduction under § 1B1.13(5).

To the extent defendant generally mentions changes brought by the First Step Act of 2018, he fails to show that he was not provided the benefit of any applicable provisions of the Act at his 2022 sentencing. Moreover, the "anti-stacking" provisions of the Act have no retroactive application and cannot constitute extraordinary and compelling reasons for relief. *See Austin*, 125 F.4th at 693. Defendant also appears to argue that his sentence was improperly "stacked" in 2022. (Docket Entry No. 220, pp. 9–10.) However, defendant cannot use 18 U.S.C. § 3582(c)(1)(A)(i) as a vehicle for challenging the correctness of his 2022 sentence or legality of his confinement. *See United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023).

---

[4]The Court rejects defendant's argument that his 29-year sentence is "a *de facto* life sentence." *See United States v. Sparks*, 941 F.3d 748, 754 (5th Cir. 2019) ("[A] term-of-years sentence cannot be characterized as a *de facto* life sentence.").

Defendant also references § 608(c) of the First Step Act of 2018 as requiring special treatment of "youth age" defendants. He misapplies this provision, as it pertains to participation of youths in certain pilot programs and has no application to sentencing.

Defendant establishes no retroactive change in the law constituting an extraordinary and compelling reason for a reduction in his sentence, and no factual or legal grounds for a sentence reduction under § 1B1.13(5) are shown.

*Rehabilitation*

Defendant alleges that his behavior in prison, including educational and prison-community achievements, warrants a sentence reduction. He asserts a favorable disciplinary record, cites glowing praises from the BOP, and references a supportive, loving family.

A prisoner's rehabilitative efforts, while commendable, do not constitute extraordinary and compelling reasons for a sentence reduction. While rehabilitation is not an extraordinary and compelling reason for a sentence reduction standing alone, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.13(d).

However, defendant's claims of rehabilitation are wholly unsupported. In purporting to have a favorable disciplinary record, defendant states that his disciplinary record "is minimal based off the average at the U.S. 'FBOP' across this nation." (Docket Entry No. 220, p. 8.) No disciplinary records have been submitted for the Court's consideration, and defendant's assertion provides the Court no useful information.

> Defendant further claims that,
>
>> According to BOP staff, Matute-Carcamo has maintained "strong family ties through writting [sic] letters, email, and making phone calls," and is a "Med/Low Risk Recidivism Level." Prison staff, [sic] describe Matute-Carcamo as "a model inmate" who has demonstrated "an ability to lead" others to make good choices. They further state that he "has performed his unit orderly duties in a [sic] outstanding fashion" and "has maintained a positive attitude" notwithstanding his de facto life sentence of 29 years. "Dennis Matute-Carcamo is ready to be a productive member of society upon his release."

(Docket Entry No. 220, pp. 8–9.) Defendant again fails to provide the Court with any exhibits or other documentation supporting these allegations or statements, nor has he submitted any records of his educational achievements, employment, or letters from family members. Defendant's claims of rehabilitation are not grounded in the record and provide no support for a sentence reduction.

*Sentencing Factors*

Defendant has not shown an extraordinary and compelling reason for a sentence reduction under the provisions of § 1B1.13(b)(5), and the Court need not review his applicable sentencing factors.

Nevertheless, assuming defendant had established extraordinary and compelling reasons for a sentence reduction under § 1B1.13(b)(5), the sentencing factors in his case weigh against such relief. These factors include, among others, the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just

punishment for the offense; and the need to deter criminal conduct and protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a).

Defendant's convictions were violent crimes that involved robbery at gunpoint, with defendant holding a gun to his victims' heads and handcuffing a security guard. This Court noted at sentencing that defendant's actions were "terrifying conduct that will stay with [the victims]." The Court further found that defendant had discharged a firearm during one of the robberies. During a home invasion, defendant heated a kitchen utensil over a burner then used the implement to burn the female homeowner, a crime this Court found "incredibly sadistic." The Court finds it unsettling that defendant downplays his criminal behavior by describing his violent criminal offenses as short lived and not causing physical harm. (Docket Entry No. 220, pp. 7–8, 9.) In complaining that his sentence is a "manifest injustice" because "no one was physically injured and each robbery was completed in less than 2 minutes total," defendant exhibits a troubling lack of remorse, any understanding of the seriousness of his criminal offenses, or respect for the law. It also indicates to the Court that defendant's current sentence is necessary to deter criminal conduct and protect the public from further crimes of defendant.

The sentencing factors weigh against the granting of relief. Defendant has served only a small fraction of the sentence imposed by this Court. A reduction at this time would not reflect the seriousness of his offenses, promote respect for the law, or provide just punishment for the offenses. Further, a reduction would not promote the need to deter

11

criminal conduct or protect the public from further crimes of the defendant. For these same reasons, the Court cannot find that defendant would not be a danger to the safety of any other person or to the community.

For these reasons, defendant's sentence remains sufficient but not greater than necessary and a sentence reduction would be inappropriate.

### III. CONCLUSION

For the above reasons, defendant's motion (Docket Entry No. 220) is **DENIED**.

Signed at Houston, Texas, on this the ___ day of June, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE